Gaston, J.
 

 It seems to us upon the facts agreed, that the law is with the plaintiff, and that he is therefore entitled to judgment.
 

 The statute of 22d and 23d Chas. 2 c. 10, in prescribing the form of the bond to be given by an administrator, makes it a part of the condition that the administrator
 
 “
 
 do make or cause to be made a true and just account of his said administration at or before the day of next, and all the rest and residue of the said goods, chattels and cred-. its, which shall be found remaining upon the said administrator’s account, the same being first examined and allowed by the Judge for the time being of said court, shall deliver and pay over to such person or persons respectively, as
 
 the said Judge or Judges by his or their decree or sentence,
 
 pursuant to the true intent and meaning of this act,
 
 shall limit and appoint.”
 
 This condition is not broken by a refusal or-neglect of the administrator to deliver and pay over •the surplus or residue of his intestate’s estate to and among the next of kin, according to the statute of distributions, unless there has been a previous decree or sentence of the spir-
 
 *340
 
 court, limiting and appointing such delivery and pay-Blent, and therefore an action will not lie
 
 upon the bond
 
 at the instance of the next of bin or any of them to recover amoun|; 0f that surplus or residue, or a share thereof, until after a decree therefor in the spiritual court.
 
 Arhbishop of Canterbury
 
 v
 
 Tappan,
 
 8 Barn. & Cress. 151. 15 Eng. C. L. Rep. 174. The corresponding part
 
 oí
 
 the condition in the bond, which our statute requires from the administrator, is in these words, that the said administrator do make or cause'to be made a true and just account of his said administration within two years from the date of these presents, and all the rest and residue of the said goods, chattels and credits, which shall be found remaining upon the said administration account, the same being first examined and allowed of by the court, shall deliver and pay unto such person and persons respectively,
 
 as the same shall be due unto,
 
 pursuant to the true intent and meaning of this act.”
 

 In expounding this condition our Courts have uniformly held, at least ever since the case of
 
 Williams
 
 v
 
 Hicks,
 
 1 Mur. 437, decided in 1810, that it is broken by a refusal or neglect of the administrator to deliver and pay over to the next of kin what may be due to them under the act of distributions, and that therefore the next of kin may bring suit for their distributive shares against the sureties of the administrator upon the administration bond, without any previous proceeding against the administrator, and whether the administrator has or has not returned an account to, or has or has not made a settlement with, the Court which granted the administration. It is one of the necessary consequences of this construction, that, if there has been a proceeding by the next of kin against the administrator for an account and a decree thereon, such proceeding and decree, when an action is brought against the sureties on the bond, are not permitted to be given in evidence against them. The whole is
 
 res inter alios acta.
 
 They have not bound themselves, that the administrator shall pay what
 
 a court shall deeree
 
 he ought to pay, but that he shall pay
 
 lohat may be truly due
 
 to the next of kin. To establish a breach of this en
 
 *341
 
 gagement, it must be shewn that the administrator ooes owe what is alleged to be wrongfully withheld, and this must be shewn by proofs upon the trial. And it necessarily follows, also, that as a decree against the administrator is not admissible in evidence against the surety,
 
 e converso
 
 a decree for the administrator cannot be received in evidence for the surety. All this doctrine is so fully asserted in
 
 McKellar
 
 v
 
 Bowell,
 
 4 Haws, 34.
 
 Chairman
 
 v
 
 Clark,
 
 4 Hawks, 43, and
 
 Kaywood
 
 v
 
 Barnett,
 
 3 Dev. & Bat, 91, that we content ourselves with referring to these cases, as clearly recognizing and establishing it.
 

 We cannot but be struck with the seeming hardship and inconsistency, disclosed by this record, of a judgment being rendered for a large sum against the surety, because of his principal, the administrator, having withheld from the female relator her share of the intestate’s estate, when, in a direct proceeding by her against that principal, it was decided that nothing was due to her ; but such inconsistencies must occasionally occur, so long as the responsibilities of the surety remain as they have been definitely settled to be on the bond in its present form. It is for the Legislature to consider, whether results of this kind do not furnish reasons for directing a modification oí the bond, but we must apply the law as we find it.
 

 The judgment of the Superior Court is reversed, and judgment rendered for the plaintiff, according to the agreement of the parties.
 

 Pjsr Curiam. Judgment below reversed and judgment for the plaintiff.